UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

FELIPE RAMIREZ-FERRER,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL NO. 97-2570(PG)
CRIMINAL NO. 93-113(PG)

## OPINION AND ORDER

    The U.S. Magistrate Judge issued a report and recommendation on February 26, 1999 in relation to Civil Cases Nos. 97-2750 and 98-1106. Ramirez-Ferrer failed to file an opposition to the report and recommendation. (Docket No. 11). However, almost six months after the report and recommendation was issued, he filed on August 30, 1999 a motion for leave to amend his 2255 motion. The motion for leave to amend is granted and the court will now consider the same.

    . The first issue raised by Ramirez-Ferrer is related to the jury instructions as to the elements of 18 U.S.C. § 924(c)(1), specifically, the element of knowledge. From what the court can gather from Ramirez-Ferrer's allegations he is claiming that the court failed to include a knowledge requirement in its instructions to the jury and the jury could have therefore convicted him of carrying the gun hidden under the t-shirt even though he was not aware of it. The simple answer to petitioner's claim is "that the statute does not include an explicit knowledge requirement because it




Civil No. 97-2570(PG)
Criminal No. 93-113(PG)                                                     2

would be redundant." United States v. Hernandez-Albino, 177 F.3d 33, 41 (1st Cir. 1999). The § 924(c)(1)'s terms "necessarily include a knowledge element". Id citing United States v. Padilla, 751 F. Supp. 761 (N.D. Ill. 1990). If the jury found that Ramirez-Ferrer had constructively carried the gun covered by a t-shirt, behind a storage compartment in the boat "in relation to" the drug transaction, by definition they determined that he knowingly carried it. Hernandez-Albino, 177 F.3d at 42.

Ramirez-Ferrer also seems to claim that his attorney failed to argue to the jury the fact that the gun hidden under the t-shirt was rusty and that the boat did not belong to either of the co-defendants in order to prove his lack of knowledge as to the presence of the gun in the boat. That same issue was presented to the Court of Appeals who responded that "[t]he evidence need not exclude every hypothesis of innocence. The jury could reasonably have attributed knowledge and intent to benefit from the gun to both Ramirez-Ferrer and Suárez-Maya, the boat's captain and the self-admitted principal, with respect to the drug possession offense. Thus the evidence is sufficient to uphold both defendants' convictions under section 924(c)(1)." United States v. Ramirez-Ferrer, 82 F.3d 1149, 1154 (1st Cir. 1996).

Civil No. 97-2570(PG)
Criminal No. 93-113(PG)                                                3

The second issue raised by Ramirez-Ferrer is that the district court lacked jurisdiction to enhance his sentence because the government failed to comply with 21 U.S.C. § 851(a) and the court failed to comply with § 851(b). Petitioner further alleges that his trial counsel was ineffective for advising him to waive the issue and for failing to appeal the government's violation of § 851(a) and the district court's lack of jurisdiction to enhance his sentence.

In relation to the government's compliance with 21 U.S.C. § 851(a), the government did file just before trial started an information alerting co-defendants Ramirez-Ferrer and Suárez-Maya of their previous convictions. (Crim. No. 93-113, Docket No. 65) See U.S. v. McAllister, 29 F.3d 1180 (7th Cir. 1994) ("before trial begins" as used in 21 U.S.C. s 851(a) means before commencement of jury selection); U.S. v. Gonzalez Lema, 14 F.3d 1479 (10th Cir.) (government's filing of information was timely even though not filed until morning before trial began), cert. denied 511 U.S. 1095 (1994). See also Prou v. United States, 199 F.3d 37 (1st Cir. 1999). The government provided notice of the information filed to defendants' attorneys before jury selection. (See Crim. No. 93-113, Docket No. 117, (Trial transcript, p. 9).

Once the government has filed a § 851 information, the district court, after conviction and before sentencing, must inquire of the

Civil No. 97-2570(PG)
Criminal No. 93-113(PG)                                                    4

defendant whether he affirms or denies the conviction and must inform defendant that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.  <u>See</u> 21 U.S.C. § 851(b).

Although the court failed to engage in the colloquy required by section 851(b) before sentencing Ramirez-Ferrer, the court's failure to do so does not affect the validity of the sentence because defendant's challenge is based on an erroneous interpretation of § 851(a)(2).  Section 851(a)(2) provides, that "[a]n information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed" Ramirez-Ferrer claims that the requirement of an indictment applies to the prior offenses rather than to the present conviction.  Although the First Circuit has not considered this issue, the other circuits that have considered the same hold that the requirement of waiver of prosecution by indictment applies to the present federal drug offense and not to the prior offenses.  <u>See</u> <u>United States v. Ortiz</u>, 143 F.3d 728, 73 (2nd Cir.), <u>cert. denied</u>, <u>Nieves v. United States</u>, 525 U.S. 910 (1998), overruling <u>United States v. Collado</u>, 106 F.3d 1097 (2d Cir. 1997); <u>United States v. Lynch</u>, 158 F.3d 195, 199

Civil No. 97-2570(PG)
Criminal No. 93-113(PG)                                                    5

(3rd Cir. 1998), cert. denied, 119 S.Ct. 1481 (1999); United States v. Lampton, 158 F.3d 251, 256 (5th Cir. 1998), cert. denied, 525 U.S. 1183 (1999); United States v. Gaitan-Acevedo, 148 F.3d 577, 594 (6th Cir.), cert. denied, Crehore v. United States 525 U.S. 912 (1998); United States v. Burrell, 963 F.2d 976, 993 (7th Cir.), cert. denied, Henry v. United States, 506 U.S. 928 (1992); United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir. 1993); United States v. Espinosa, 827 F.2d 604, 617 (9th Cir. 1987), cert. denied, 485 U.S. 968 (1988); United States v. Adams, 914 F.2d 1404, 1407 (10th Cir.), cert. denied, 498 U.S. 1015 (1990); United States v. Harden, 37 F.3d 595, 601 (11th Cir. 1994); United States v. Brown, 191 F.3d 486, 487 (D.C. Cir. 1999).

Another issue raised by Ramirez-Ferrer is that the application of the notification provision of § 851(a)(2) was so ambiguous that the court should apply the rule of lenity. This claim lacks merit. This section is not ambiguous such that the rule of lenity would preclude the enhancement of Ramirez-Ferrer's sentence. See United States v. Brown, 191 F.3d at 487, United States v. Ortiz, 143 F.3d at 731-32.

The last issue raised by Ramirez-Ferrer can be summarily dismissed. He alleges that only federal offenses can be used to enhance a sentence under 21 U.S.C. § 841(b)(1)(A) and (B).

Civil No. 97-2570(PG)
Criminal No. 93-113(PG)                                                          6

A defendant convicted of a drug offense under section 841(a) is subject to a possible enhanced sentence for prior convictions for felony drug offenses. See 21 U.S.C. § 841(b). 21 U.S.C. § 802(B) defines the term "felony", for purposes of the § 841 enhancement as "any Federal or State offense classified by applicable Federal or State law as a felony." United States v. McKissick, 204 F.3d 1282, 1300 (10th Cir. 2000). Filing an information of prior federal or state drug-related convictions under 21 U.S.C. § 851 is a necessary predicate for subjecting a defendant to increased punishment on account of prior convictions. See 21 U.S.C. §§ 841(b)(1)(A), 851(a).

In conclusion, Ramirez-Ferrer argues that he was entitled to effective assistance of counsel and that but for his counsel's failure to object to the inappropriate jury instructions as to the elements of 18 U.S.C. § 924(c)(1) and his counsel's failure to challenge the enhancement under 21 U.S.C. § 851, the result of the criminal trial and the sentence imposed would have been different. As discussed infra, the "colorable" claims suggested by Ramirez-Ferrer lack merit and thus his attorney was not ineffective by failing to raise the same. U.S. v. Hart, 933 F.2d 80, 83 (1st Cir. 1991).

In sum, the court finds that Ramirez-Ferrer's 2255 petition must be dismissed for the reasons given in the Magistrate-Judge's Report

AO 72A
(Rev. 8/82)

Civil No. 97-2570(PG)
Criminal No. 93-113(PG)                                                7

and Recommendation, (Docket No. 11), our Opinion and Order in Civil No. 98-1106, issued on June 26, 2000, and the present Opinion and Order.

In view of the above, the Court hereby **Approves** and **Adopts** the Magistrate-Judge's report and recommendation, supplemented with our Opinion and Order of June 26, 2000, and this opinion, and in accordance therein, Ramirez-Ferrer's 2255 petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico _____June____ 30___, 2000.

```
                                     _____
                                     JUAN M. PEREZ-GIMENEZ
                                     U.S. District Judge
```